CONFORM

**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
  Email: mkane@mcguirewoods.com
Bethany A. Pelliconi, Esq. (SBN 182920)
  Email: bpelliconi@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
  Email: sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
  Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

FILED
CLERK, U.S. DISTRICT COURT

FEB - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV13-00891 -DSF
(RZx)

| | |
|---|---|
| MARCO RODRIGUEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>OLD DOMINION FREIGHT LINE,<br>INC., a Virginia corporation; and DOES<br>1 through 250, inclusive,<br><br>      Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court<br>Case No. BC498694]<br><br>**DEFENDANT OLD DOMINION<br>FREIGHT LINE, INC.'S NOTICE<br>TO FEDERAL COURT OF<br>REMOVAL OF CIVIL ACTION<br>FROM STATE COURT**<br><br>***Under Separate Cover:***<br><br>**DECLARATION OF LISA B.<br>DEHART IN SUPPORT OF<br>NOTICE OF REMOVAL** |

45310419.1

1   **MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP**
    Matthew C. Kane, Esq. (SBN 171829)
2       Email: mkane@mcguirewoods.com
    Bethany A. Pelliconi, Esq. (SBN 182920)
3       Email: bpelliconi@mcguirewoods.com
    Sabrina A. Beldner, Esq. (SBN 221918)
4       Email: sbeldner@mcguirewoods.com
    Sylvia J. Kim, Esq. (SBN 258363)
5       Email: skim@mcguirewoods.com
    1800 Century Park East, 8ᵗʰ Floor
6   Los Angeles, California 90067
    Telephone:   (310) 315-8200
7   Facsimile:    (310) 315-8210

8   Attorneys for Defendant
    OLD DOMINION FREIGHT LINE, INC.

9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  MARCO RODRIGUEZ, | **CASE NO.** |
| 15         Plaintiff, | [Los Angeles County Superior Court Case No. BC498694] |
| 16         v. | **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| 17  OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 through 250, inclusive, | |
| 18 | |
| 19         Defendants. | ***Under Separate Cover:*** |
| 20 | **DECLARATION OF LISA B. DEHART IN SUPPORT OF NOTICE OF REMOVAL** |
| 21 | |
| 22 | |

23

24

25

26

27

28

45310419.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant OLD DOMINION FREIGHT LINE, INC. (herein referred to as "Defendant" or "ODFL"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, and all other applicable bases for removal.  In support of its Notice of Removal, Defendant avers as follows:

## PLEADINGS AND PROCEEDINGS

1.     Plaintiff Marco Rodriguez ("Plaintiff") filed a Complaint against Defendant (the "Complaint") in the State Court on January 7, 2013, in a case styled as *Marco Rodriguez v. Old Dominion Freight Line, Inc.; and Does 1 through 250, inclusive*, Case No. BC498694 (the "State Court Action").

2.     A true and correct copy of the Complaint, which was served on Defendant on January 11, 2013, is attached hereto as Exhibit A.

3.     In addition to the Complaint, a true and correct copy of the following documents served in the State Court Action is attached hereto as the Exhibits identified below:

Exhibit B:   Service of Process Transmittal (ODFL)

Exhibit C:   Summons on Complaint

Exhibit D:   Civil Case Cover Sheet

Exhibit E:   Notice of Case Assignment

Exhibit F:   Alternative Dispute Resolution Information Package

Exhibit G:   Voluntary Efficient Litigation Stipulations

1    4.    Defendants Does 1 through 250 have yet to be identified, and thus are

2 to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(b)(1).

3 Accordingly, Defendant is the only defendant needed to join and consent to this

4 removal. *See* 28 U.S.C. §§ 1441(b), 1446(b)(2).

5    5.    In accordance with 28 U.S.C. § 1446(d), Defendant is providing

6 prompt written notice of this Notice of Removal to all adverse parties and to the

7 Clerk of the State Court.

**TIMELINESS OF REMOVAL**

9    6.    This action has not previously been removed to federal court.

10    7.    This Notice of Removal is timely pursuant to 28 U.S.C.

11 § 1446(b)(2)(B) and § 1446(c)(1) as it is being filed less than 30 days after

12 Defendant was served with a copy of Plaintiff's Complaint (on January 11, 2013),

13 and within one year of the filing of the State Court Action.

**DIVERSITY JURISDICTION**

15    8.    This Court has original jurisdiction over this action pursuant to

16 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant,

17 because (1) there is complete diversity of citizenship between Plaintiff and

18 Defendant; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of

19 interest and costs.

**DIVERSE CITIZENSHIP**

21    9.    **Plaintiff's Citizenship.**  Plaintiff is a citizen of the State of California.

22 To that end, Plaintiff is and at all relevant times was a resident of Los Angeles

23 County, California. *See* Complaint, ¶¶ 1, 5. Defendant avers that Plaintiff has the

24 intent to remain in California.

25    10.    **Defendant's Citizenship.**  As shown in the accompanying Declaration

26 of Lisa B. Dehart at ¶ 4, and on the California Secretary of State's Business Entity

27 Search website, Defendant is a Virginia corporation with its corporate headquarters

28 and principal place of business in Thomasville, North Carolina:

45310419.1

3



*See* URL at http://kepler.sos.ca.gov/cbs.aspx (Entity Name Searched = "OLD DOMINION FREIGHT LINE, INC."). At its corporate headquarters in North Carolina, Defendant's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Dehart Decl., ¶ 4. Thus, Defendant was not and is not a citizen of the State of California but, rather, was and is a citizen of the Commonwealth of Virginia and/or the State of North Carolina for the purpose of determining jurisdiction. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (for the purposes of removal, the "nerve center" test applies, whereby a corporation is deemed to be a citizen of the State where the corporation's officers direct, control, and coordinate the corporation's activities).

11.    **DOE Defendants.** Defendants "DOES 1 through 250" are fictitious Defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

12. **Complete Diversity.** Because Plaintiff is a citizen of California, and Defendant, for purposes of diversity, is a citizen of Virginia and/or North Carolina, complete diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

13. Although Defendant denies any wrongdoing or liability to Plaintiff, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount-in-controversy in this action exceeds the jurisdictional minimum amount of $75,000. Specifically, Plaintiff seeks general and compensatory damages, consequential damages and expenses including emotional distress damages, special damages, attorneys' fees and costs, pre-judgment interest, punitive damages, and statutory penalties. *See* Ex. A, ¶¶ 19, 26, 27, 28, 29, 34, 35, 36, 39, 43, 44, 45, 50, 51, 52, 56, 57, 64, 65, 70, and Prayer. Plaintiff's claims include: (1) retaliation in violation of public policy; (2) violations of Cal. Labor Code §§ 226.7, 512 *et seq.*; (3) unpaid wages in violation of Cal. Labor Code §§ 201 et seq., 510 *et seq.*; (4) violation of Cal. Labor Code § 204 *et seq.*; (5) violation of Cal. Labor Code § 226; (6) intentional infliction of emotional distress; (7) defamation; and (8) unfair competition in violation of Cal. Bus. & Prof. Code § 17200. *See* Ex. A.

14. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). While Plaintiff's Complaint does not set forth the dollar amount prayed for, a reasonable person reading the Complaint would conclude that Plaintiff is "more likely than not" seeking an amount greater than the $75,000 jurisdictional amount. 28 U.S.C. § 1332(a); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

15. In determining whether the amount-in-controversy exceeds $75,000.00, the Court must presume that Plaintiff will prevail on each and every one of his

1   claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

2   993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir.

3   1994) (the amount-in-controversy analysis presumes that "plaintiff prevails on

4   liability")) and *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount

5   in controversy is not measured by the low end of an open-ended claim, but rather by

6   reasonable reading of the value of the rights being litigated"). In addition, the Court

7   may look beyond the complaint to determine whether the amount-in-controversy is

8   met. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

9       16.   The amount in controversy may include general and special

10  compensatory damages, punitive damages, emotional distress damages and

11  attorneys' fees that are recoverable by statute. *See Goldberg v. CPC Int'l, Inc.*, 678

12  F.2d 1365, 1367 (9th Cir. 1982); *Davenport v. Mutual Ben. Health & Acc. Ass'n*,

13  325 F.2d 785, 787 (9th Cir. 1963); *Kroske v. U.S., BankCorp.*, 432 F.3d 976, 980

14  (9th Cir. 2005).

15      17.   Here, considered together, the general and special damages sought by

16  Plaintiff, along with the punitive damages and attorneys' fees that might be awarded

17  if Plaintiff prevails, establish by a preponderance of the evidence that the amount-in-

18  controversy exceeds $75,000.

19      18.   **Compensatory Damages.** Plaintiff is seeking to recover compensatory

20  damages including "substantial losses in earnings, other employment benefits,

21  physical injuries," "physical sickness," "wages owing," "continuing wages,"

22  "overtime compensation" "earnings, raises, commissions, and opportunity for

23  growth." *See* Ex. A, ¶¶ 19, 26, 31, 34, 56, 64, 70, and Prayer.

24      19.   Plaintiff alleges that Defendant terminated his employment as an act of

25  retaliation in violation of public policy, resulting in a loss of wages and loss of

26  "raises [and] opportunity for growth." *See* Ex. A, ¶¶ 15, 16, 17, 19, 26, 34, 64, 70,

27  and Prayer. In 2010, Plaintiff earned $32,931 from his employment with Defendant.

28  *See* Dehart Decl., ¶ 3. In 2011, Plaintiff earned $31,834 from his employment with

Defendant. *Id.* Plaintiff was terminated from his employment with Defendant on or about January 3, 2012. *Id.* Thus, Plaintiff's average annual earnings was $32,383 (($32,931 + 31,834) / 2). Plaintiff's Complaint alleges that Plaintiff has and *is continuing* to suffer special and economic harm from lost wages and difficulties in obtaining new employment. Ex. A, ¶ 19, 26, 34, 64, 70, and Prayer. Assuming that Plaintiff is seeking damages for at least 24 months of unemployment, the amount in controversy on his claim for lost wages as a result of alleged retaliatory termination of employment is at least **$64,766** ($32,383 x 2).

20. Plaintiff also alleges that while he was employed by ODFL, he "routinely worked 60 hours a week, but was only paid for 40 hours of work for week, and thus was denied overtime pay" which was allegedly owed to him at the rate of "time and a half." Exh. A, ¶ ¶ 10, 31. Plaintiff worked for ODFL for approximately 95 weeks, from March 5, 2010 through January 3, 2012. *See* Dehart Decl., ¶ 3. At the time he was hired, Plaintiff's regular hourly rate of pay was $17.00 per hour. *Id.* As of the time his employment with ODFL terminated, Plaintiff's regular hourly rate of pay was $18.85. *Id.* Thus, Plaintiff's average hourly rate of pay was $17.93 ((17.00 + 18.85) /2). If Plaintiff had been entitled to overtime pay at 1.5 times his average regular rate of pay for 20 hours of work per week during each of his 95 weeks of employment at ODFL, his alleged damages for unpaid overtime would be approximately **$51,091** (20 x 95 x (17.93 x 1.5)).

21. **Penalties.** Plaintiff's Complaint also seeks to recover penalties under California Labor Code section 203 for "failure to pay for time worked during [his] alleged rest and/or meal breaks." Exh. A, ¶ 22, 27. Specifically, under California Labor Code section 203, Plaintiff seeks to recover 30 days of unpaid wages as a penalty as a result of the alleged failure to pay for time worked during his breaks. *Id.* Based on Plaintiff's allegation that he routinely worked "60 hours a week" (Exh. A, ¶ 10), and assuming he worked five days per week, Plaintiff's daily rate of pay at his final hourly rate of $18.85 would be $226.20 ((60 / 5) x $18.85). Thus,

1   Plaintiff's claim for 30 days of unpaid wages under California Labor Code
2   section 203 amounts to approximately **$6,786** (30 x $226.20).

3       22.   **Emotional Distress Damages**.   Plaintiff's Complaint also seeks to
4   recover damages from Defendant for alleged "emotional distress," "anxiety,"
5   "shame," "mortification," and "hurt feelings." Ex. A, ¶¶ 19, 56, and 64.   In *Kroske*
6   *v. U.S., BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005), the Ninth Circuit Court held
7   that the trial court properly estimated $25,000 for emotional distress damages for
8   purposes of satisfying the amount-in-controversy where the estimated wage loss was
9   $55,000.   Accordingly, as in *Kroske,* the minimum value of Plaintiff's emotional
10   distress claim should be estimated at no less than **$25,000** for purposes of
11   calculating the amount in controversy in this action.

12       23.   **Punitive Damages.**   In addition, Plaintiff seeks punitive damages
13   against Defendant because Defendant's actions were allegedly committed
14   "maliciously, fraudulently, and oppressively, with the wrongful intentions of
15   injuring Plaintiff, from an improper and evil motive amounting to malice, and in
16   conscious disregard of Plaintiff's rights."   *See* Ex. A, ¶¶ 57 and Prayer.   In *State*
17   *Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the United
18   States Supreme Court held that the longstanding historical practice of setting
19   punitive damages at two, three, or four times the size of compensatory damages,
20   while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more
21   likely to comport with due process."   Here, as shown above, Plaintiff is more than
22   likely seeking non-overtime compensatory general damages of at least $89,766.
23   Utilizing the median ratio of 3:1 that *State Farm* found to be "instructive" (but
24   without conceding its ultimate propriety for use in this case), and basing any
25   potential punitive damages award solely on the potential lost wages at issue in this
26   action (*see* Paragraph 19, *supra*), the potential **punitive damages** amount-in-
27   controversy in this action is approximately **$269,298** ($89,766 x 3) assuming
28   Plaintiff could establish all the necessary conditions for obtaining punitive damages.

24.    **Attorneys' Fees.**   Plaintiff also seeks an award of attorneys' fees pursuant to his claims for retaliation in violation of public policy, under California Labor Code §§ 204, 201 *et seq.*, 226, 226.7, 501 *et seq.*, 512 *et seq.*, intentional infliction of emotional distress, defamation, and violation of California Business & Professions Code 17200 . *See* Ex. A, ¶ 19, 28, 35, 44, 48, 51, 56, 70, and Prayer. Although Defendant disputes that Plaintiff is entitled to any attorneys' fees in this action, such fees are properly included in the amount-in-controversy where, as here, they are expressly pleaded in the Complaint and provided for by statute. *See Kroske*, 432 F.3d at 980; *Johnson v. America Online, Inc.,* 280 F. Supp. 2d 1018 (N.D. Cal. 2003); Cal. Gov't Code §12965(b).  The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in wrongful termination and retaliation litigation such as this action should indicate that it is "more likely than not" that the Plaintiff will be seeking an attorneys' fees award of at least **$150,000** if this case is litigated to judgment in a jury trial.   Defendant reasonably estimates at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will be over $150,000 based on its own past litigation experience.

In sum, the estimated amount-in-controversy in this action is conservatively estimated, based on the information in the Complaint and that information presently known to Defendant, as follows:

9

| DAMAGES | CALCULATION | TOTAL |
|---|---|---|
| Wrongful Termination Compensatory Damages (exclusive of benefits and interest) | 24 months of lost wages | $64,766 |
| Unpaid Overtime Compensatory Damages | 95 weeks of unpaid overtime | $51,091 |
| Penalties | 30 days of waiting time penalties pursuant to California Labor Code section 203 | $6,786 |
| Emotional Distress Damages | Conservatively estimated per *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) | $25,000 |
| Punitive Damages | 3:1 wrongful termination compensatory damages ratio per *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003) | $269,298 |
| Statutory Attorneys' Fees | Estimated based on prior litigation experience | $150,000 |
| **GRAND TOTAL** | | **$566,941** |

25.    Thus, the amount in controversy in this action, exclusive of interest and costs, significantly exceeds the sum of $75,000.[1]

_____

[1] Nothing in this Notice of Removal is intended nor should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, Defendant expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

1

## VENUE

2      26.    Venue lies in this Court because Plaintiff's action is pending in this

3 district and division. *See* 28 U.S.C. § 1441(a). Defendant is informed and believes

4 that the events allegedly giving rise to this action occurred within this judicial

5 district.

6      WHEREFORE, Defendant requests that the above-captioned action now

7 pending in the State Court be removed to this United States District Court.

8

9 DATED: February 7, 2013      MCGUIREWOODS LLP

10

11                    By: _____

12                         Matthew C. Kane, Esq.

13                         Bethany Pelliconi, Esq.

                           Sabrina A. Beldner, Esq.

14                         Sylvia J. Kim, Esq.

                     Attorneys for Defendant

15                     OLD DOMINION FREIGHT LINE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

**EXHIBIT A**

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**JAN 07 2013**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1   THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
    GARY R. CARLIN, CSBN: 44945
2   BRENT S. BUCHSBAUM, CSBN: 194816
    LAUREL N. HAAG, CSBN: 211279
3   RONALD L. ZAMBRANO, CSBN: 255613
    *ronald@carlinbuchsbaum.com*
4   555 East Ocean Blvd., Suite 818
    Long Beach, California 90802
5   Telephone: (562) 432-8933
    Facsimile: (562) 435-1656
6
7   Attorneys for MARCO RODRIGUEZ, Plaintiff

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  MARCO RODRIGUEZ,                    CASE NO.:    BC498694

12          Plaintiff,
                                        **(1) RETALIATION IN VIOLATION OF PUBLIC**
13          vs.                         **POLICY;**

14  OLD DOMINION FREIGHT LINE ,INC., a  **(2) VIOLATIONS OF LABOR CODE SECTION**
    Virginia corporation; and DOES 1 through  **226.7 AND 512 ET SEQ. FOR UNPAID MEAL AND**
15  250, inclusive,                     **REST BREAKS;**

16          Defendants.                 **(3) UNPAID WAGES IN VIOLATION OF LABOR**
                                        **CODE SECTIONS 201 ET SEQ. AND 510 ET SEQ.;**
17
                                        **(4) VIOLATION OF LABOR CODE SECTION 204**
18                                      **ET SEQ.;**

19                                      **(5) VIOLATION OF LABOR CODE SECTION 226;**

20                                      **(6) INTENTIONAL INFLICTION OF EMOTIONAL**
                                        **DISTRESS;**
21
                                        **(7) DEFAMATION; AND**
22
                                        **(8) UNFAIR COMPETITION IN VIOLATION OF BUS.**
23                                      **& PROF. CODE §17200 ET SEQ.**

24
                                        **[DEMAND FOR JURY TRIAL]**
25

26      COMES NOW the Plaintiff, MARCO RODRIGUEZ, (who hereinafter shall be referred

27  to as the "Plaintiff" or as "RODRIGUEZ"), who hereby respectfully alleges, avers, and

28  complains, as follows:

**INTRODUCTION**

1. This is an action brought by the Plaintiff, RODRIGUEZ, pursuant to various state and federal statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant OLD DOMINION FREIGHT LINE INC., a Virginia corporation, operating and doing business within the State of California, (hereinafter referred to as "OLD DOMINION").

2. Plaintiff alleges that the various state and federal statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4. Venue in this Court is proper in that OLD DOMINION's business address, where the action herein alleged took place, is located in the City of Montebello, County of Los Angeles, State of California.

**PARTIES**

5. At all times herein mentioned, Plaintiff RODRIGUEZ is and has been a resident of Los Angeles County, State of California.

//
//

6.   Defendant OLD DOMINION is and at all times herein mentioned is a Virginia corporation, doing business in California, with a principal place of business located at 1225 Washington Boulevard , Montebello, CA 90640.

7.   Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment.  Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8.   The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

9.   Plaintiff, became employed by Defendant OLD DOMINION beginning in or about March 2010 as a truck driver.  On or about January 6, 2012, Plaintiff was fired for complaining about unpaid overtime, and for being denied meal and rest breaks.

10.  During his employment with OLD DOMINION, Plaintiff routinely worked 60 hours a week, but was only paid for 40 hours of work for week, and thus was denied overtime pay.  Moreover, Plaintiff was routinely denied by OLD DOMINION meal and rest breaks.

11.     Throughout his employment at OLD DOMINION, Plaintiff complained to management at OLD DOMINION about being denied overtime pay, and meal and rest breaks.

12.     On or about January 6, 2012, Plaintiff was terminated by OLD DOMINION in retaliation for complaining about unpaid overtime and for complaining about being denied meal and rest periods.

13.     In addition, Plaintiff has been denied subsequent employment as OLD DOMINION has told Plaintiff's prospective employers that Plaintiff was terminated by OLD DOMINION because of poor performance.  However, at the time of his termination, Plaintiff was never written up during his employment at OLD DOMINION.

### FIRST CAUSE OF ACTION

**(Retaliation in Violation of Public Policy)**

**(RODRIGUEZ Against Defendants OLD DOMINION and DOES 1 through 250, inclusive)**

14.     The allegations of paragraphs 1 through 13 are re-alleged and incorporated herein by reference as though fully set forth herein.

15.     At all times herein mentioned in this complaint, California Labor Code section 510 et seq. was in full force and effect and binding on the Defendants and the Defendants were subject to its terms.  Defendants wrongfully retaliated against Plaintiff for reasons and in a manner contrary to public policy, on a pre-textual basis, in retaliation for his complaints of unpaid overtime wages, and denial of meal and rest periods, as herein above alleged.

16.     Plaintiff engaged in protected activity, in that he complained about unpaid overtime wages, as detailed above.  Following his protected activity, Plaintiff was terminated.

17.   Said retaliation was in violation of public policy because the sole and actual reason for the retaliatory actions, above, was because he complained about, and or opposed, and/or was going to disclose information regarding Defendants' wrongful policies and procedures as above alleged, including unpaid overtime wages, and the denial of meal and rest breaks.

18.   Defendants' conduct above described is in violation of various statutes and state law decisions, including but not limited to, California Labor Code section 510 et seq.

19.   As a direct and legal result of Defendants' retaliatory actions against Plaintiff for his complaints and protected activity herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

## **SECOND CAUSE OF ACTION**
### **(Unpaid Meal and Rest Periods)**
### **(RODRIGUEZ Against All Defendants)**

20.   Plaintiff restates and incorporate by this reference as if fully set forth herein paragraphs 1 through 19 of this Complaint.

21.   Plaintiff alleges that Defendants failed to pay him  earned wages in the form of, including but not limited to, unpaid rest and/or meal breaks.

22.   Plaintiff routinely worked through his rest and/or meal breaks because he was told by his supervisor to do so.  This failure to pay for time worked during these alleged rest and/or

1   meal breaks resulted in a decrease in wages for Plaintiff and resulted in him not being

2   compensated for actual time worked.

3

4   23.   Further, the denial of rest and/or meal periods is a violation of the California Labor Code.

5        Defendants are in violation of California Statutory laws prohibiting such conduct,

6        including but not limited to, California Labor Code, Section 512 and section 226.7.

7

8   24.   California Labor Code section 226.7 provides: No employer shall require any employee

9        to work during any meal or rest period mandated by an applicable order of the Industrial

10       Welfare Commission.

11

12  25.   California Labor Code section 558 provides the following penalty to the employer and

13       relief to the employee: (1) For any initial violation, fifty dollars ($50) for each underpaid

14       employee for each pay period for which the employee was underpaid in addition to an

15       amount sufficient to recover underpaid wages. (2) For each subsequent violation, one

16       hundred dollars ($100) for each underpaid employee for each pay period for which the

17       employee was underpaid in addition to an amount sufficient to recover underpaid wages.

18       (3) Wages recovered pursuant to this section shall be paid to the affected employee.

19

20  26.   As a result of the above-described unpaid wages, including but not limited to, rest break

21       violations, Plaintiff is entitled to wages owing and, in addition, continuing wages through

22       the time this complaint is filed and until Defendants make all due payments.

23

24

25  27.   Further, pursuant to Labor Code section 203, if an employer willfully fails to pay, without

26       abatement or reduction, in accordance with Sections 201, any wages of an employee who

27       is discharged, the wages of the employee shall continue as a penalty from the due date

28

1    thereof at the same rate until paid or until an action therefor is commenced; but the wages

2    shall not continue for more than 30 days.  Plaintiff is therefore entitled to penalties

3    continuing until the wages are paid by Defendant, since he was not paid for the hours he

4    worked through his rest and meal periods at the time of his termination.

5

6    28.    As a further result of the above-described unpaid wages and break violations, and

7           pursuant to California Labor Code, Section 218.5 and 226(g), Plaintiff is entitled to and

8           requests an award of reasonable attorneys fees and costs.

9

10   29.    Pursuant to California Labor Code, Section 218.6, Plaintiff is entitled to and requests an

11          award of interest on all due and unpaid wages, at the rate of interest specified in

12          subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that

13          the wages were due and payable.

14

15                                    **THIRD CAUSE OF ACTION**

16          **(Unpaid Wages in Violation of Labor Code Sections 201 et seq. and 510 et seq.)**

17                             **(RODRIGUEZ Against All Defendants)**

18

19   30.    The allegations of paragraphs 1 through 29 are re-alleged and incorporated herein by

20          reference as though fully set forth herein.

21

22   31.    Plaintiff alleges that Defendants failed to pay him earned wages in the form of, including

23          but not limited to, overtime compensation.  Plaintiff regularly worked more than eight (8)

24          hours per day, 60 hours a week.  Defendants did not pay Plaintiff time and a half for

25          hours worked overtime, and Plaintiff was not paid any "premium wage" rate for overtime

26          hours he worked.

27

28

32.   Plaintiff was not an employee within any exemption to the federal or state overtime compensation laws and regulations.  Plaintiff was not an administrative, executive or professional employee.

33.   Said failure to pay overtime wages for hours worked in excess of 8 hours per day and/or 40 hours per week is a violation of Labor Code section 510.

34.   As a result of the above-described unpaid wages, including but not limited to, overtime wages and final wages, Plaintiff is entitled to wages owing and to continuing wages through the time this complaint is filed and until Defendants make all due payments.

35.   As a further result of the above-described unpaid wages, and pursuant to California Labor Code, Section 1194, 218.5, and 226(g), Plaintiff is entitled to and requests an award of reasonable attorneys fees and costs.

36.   Pursuant to California Labor Code, Section 218.6, Plaintiff is entitled to and requests an award of interest on all due and unpaid wages, at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable.

## FOURTH CAUSE OF ACTION

### (Violation of Labor Code § 204)

### (RODRIGUEZ Against OLD DOMINION and DOES 1 through 250, inclusive)

37.   Plaintiff restate and incorporate by this reference as if fully set forth herein paragraphs 1 through 36 of this Complaint.

38. California Labor Code section 204 provides that all wages for labor in excess of the normal work week shall be paid no later than the payday for the next regular payroll period.

39. Defendants failed to comply with Labor Code section 204 in that Plaintiff did not receive his overtime wages, and for unpaid meal and rest periods that were denied, by the next regular payroll period after he worked those overtime wages. In fact, Plaintiff is still owed overtime wages for the overtime hours he worked for OLD DOMINION.

40. Overtime wages must be paid no later than the payday for the next regular payroll period following the payroll period in which the overtime wages were earned. An employer shall be in compliance with Labor Code Section 226(a) relating to total hours worked by the employee if the overtime hours are recorded as a correction on the itemized statement for the next regular pay period and include the dates of the pay period for which the correction is being made, Per Labor Code section 204(b)(2).

41. Therefore, Defendants are in violation of Labor Code section 204, by failing to pay Plaintiff his overtime wages no later than the payday for the next regular payroll period in which the overtime wages were earned by him.

42. Defendants' violation of Labor Code section 204 may subject Defendants to misdemeanor charges.

43. Plaintiff is entitled to any penalties and/or awards due to Defendants' violation of Labor Code section 204.

44. Pursuant to Labor Code section 218.5, in any action brought for the nonpayment of wages, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. Plaintiff is therefore entitled to an award of attorneys fees related herein.

45. Pursuant to Labor Code section 218.6, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable.

## FIFTH CAUSE OF ACTION

### (Violation of Labor Code § 226)

### (RODRIGUEZ Against OLD DOMINION and DOES 1 through 250, inclusive)

46. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47. Plaintiff's paychecks and/or pay stubs did not delineate the required information, including total, actual number of hour worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, per Labor Code section 226.

48. Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a

1   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

2   ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

49.   Defendants intentionally failed to furnish Plaintiff, upon each payment of wages, any

itemized statements of true total hours worked at each proper hourly rate.  Rather,

Defendants paid Plaintiff only for the "straight" time, regardless of his working up

overtime hours each day for many months.  Plaintiff's paystubs reflected the incorrect

number of hours worked and the incorrect rate of pay for those hours, since they did not

include overtime hours worked and the corresponding overtime rate, and did not properly

account for unpaid meal and rest periods.  Plaintiff was damaged by these failures,

because, and among other things, their failures led him to believe that he was properly

paid.  Defendants' failure to comply with Labor Code Section 226(a) also hindered

Plaintiff from determining the true and accurate amounts of wages owed to him.

50.   Plaintiff was injured by Defendants' failure to comply with the itemized  statement

requirements of Labor Code Section 226(a) since his paystubs are not accurate records

reflecting his true hours worked at the proper rate of pay.  As such, Plaintiff should be

entitled to receive the statutory penalties as set forth in Labor Code section 226(e) for

each and every pay period that a complete and accurate paycheck reporting stub was not

provided to him.

51.   In addition, Plaintiff is entitled by statute to recover reasonable attorneys' fees, costs of

suit, and interest on the unpaid amounts pursuant to Labor Code sections 218.5 and 1194.

52. Further Labor Code section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

### SIXTH CAUSE OF ACTION

#### (Intentional Infliction of Emotional Distress)

#### (RODRIGUEZ All Against Defendants)

53. The allegations of paragraphs 1 through 52 are re-alleged and incorporated herein by reference as though fully set forth herein.

54. Defendants' conduct of, including but not limited to, subjecting Plaintiff to retaliation and discrimination based upon Plaintiff's disability and retaliation against Plaintiff for requesting accommodations for his disability and for complaining about unpaid overtime wages, none of which are a normal part of an employment relationship, constitutes extreme and outrageous conduct.

55. Defendants' conduct was intentional or with reckless disregard of causing Plaintiff injury.

56. As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical

expenses, future medical expenses, attorneys' fees, and other damages to be determined at trial according to proof.

57.  Said conduct by Defendants was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### (DEFAMATION)

### (RODRIGUEZ Against All Defendants)

58.  The allegations of paragraphs 1 through 57 are re-alleged and incorporated herein by reference as though fully set forth herein.

59.  At all times herein mentioned, Plaintiff has enjoyed a good reputation both generally and in his occupation.

60.  On or about January 6, 2012, Plaintiff was terminated by OLD DOMINION in retaliation for complaining about unpaid overtime and for complaining about being denied meal and rest periods.

//

61.   In addition, Plaintiff has been denied subsequent employment as OLD DOMINION has told Plaintiff's prospective employers that Plaintiff was terminated by OLD DOMINION because of poor performance.  However, at the time of his termination, Plaintiff was never written up during his employment at OLD DOMINION.

62.   These statements are clearly libelous and slanderous on their face, painting Plaintiff as a convicted child molester and abuser.

63.   These statements have been heard and relayed to prospective employers.

64.   As a proximate result of the above-described written and spoken statements, Plaintiff has suffered loss of his reputation, shame, mortification, and hurt feelings, loss of earnings all to his general damage.

65.   As a further proximate result of the above-describe written and spoken statements, Plaintiff has suffered special damages.

66.   Defendants were negligent in failing to ascertain the falsity of the information they have so readily shared with each other,  public agencies and prospective employers.

//
//
//
//
//

## EIGHTH CAUSE OF ACTION

### (Violation of California Business and Professions Code Section 17200)

### (RODRIGUEZ Against All Defendants)

67.   The allegations of paragraphs 1 through 66 are re-alleged and incorporated herein by reference as though fully set forth herein.

68.   Defendants have engaged in an unlawful, unfair, or fraudulent business practice of refusing to pay Plaintiff earned overtime during  time spent doing non-exempt work, as well as for working through his meal and rest periods without compensation.

69.   Defendants' conduct a described above is in violation of various statutes, including, but not limited to, California Business and Professions Code Section 17200.

70.   Plaintiff seeks restitution for the benefits of earnings, raises, commissions, opportunity for growth, and other employment benefits, as well as attorneys fees as provided under California Code of Civil Procedure Section 1021.5.

## PRAYER

1.   For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

2.   For general damages, including, but not limited to, damages for *physical injuries and/or physical sickness*, according to proof;

3.    For other special damages according to proof, including but not limited to reasonable medical expenses;

4.    For punitive damages according to proof;

5.    For prejudgement interest on wages pursuant to Labor Code section 218.6;

6.    For costs incurred by Plaintiffs, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiffs and for violations of Plaintiff's civil rights as set forth above and pursuant to the applicable sections of the California Labor Code, including sections 218.5 and 1194 ; and

7.    For such other and further relief as the court deems just and proper.

Dated: January 6, 2013                THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
                                      A Limited Liability Partnership

                                      By
                                      Ronald L. Zambrano, Attorneys for Plaintiff,
                                      MARCO RODRIGUEZ

//

//

//

//

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiff hereby respectfully demands a jury trial.

4

5

6    Dated: January 6, 2013                THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP

7                                          A Limited Liability Partnership

8

9                                          By_____

10                                         Ronald L. Zambrano, Attorneys for Plaintiff,
                                           MARCO RODRIGUEZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

**EXHIBIT B**

 CT Corporation

**Service of Process Transmittal**
01/11/2013
CT Log Number 521933951

**TO:** Ross H. Parr
Old Dominion Freight Line, Inc.
500 Old Dominion Way
Thomasville, NC 27360-

**RE:** **Process Served in California**

**FOR:** Old Dominion Freight Line, Inc. (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marco Rodriguez, Pltf. vs. Old Dominion Freight Line, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Demand for Jury Trial, Cover Sheet, Addendum and Statement, Notice, ADR Packets, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC498694 |
| **NATURE OF ACTION:** | Employee Litigation - Retaliation - Claim for unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/11/2013 at 14:33 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Ronald L Zambrano<br>Law Offices of Carlin & Buchsbaum, LLP<br>555 East Ocean Blvd., Suite 818<br>Long Beach, CA 90802<br>562-432-8933 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/11/2013, Expected Purge Date: 01/16/2013<br>Image SOP<br>Email Notification, Alice Gibson alice.gibson@odfl.com<br>Email Notification, Michell Reeves Michell.Reeves@odfl.com<br>Email Notification, Ross H. Parr ross.parr@odfl.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT C

**EXHIBIT C**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** OLD DOMINION FREIGHT LINE, INC., a
*(AVISO AL DEMANDADO):* Virginia corporation; and DOES 1 through
250, inclusive,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 07 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**YOU ARE BEING SUED BY PLAINTIFF:** MARCO RODRIGUEZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC498604** |

Los Angeles Superior Court
111 N. Hill Street
111 N. Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, CSBN: 255613          (562)432-8933          (562)435-1656
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802

| | | |
|---|---|---|
| DATE: JAN 07 2013<br>*(Fecha)* | Clerk, by JOHN A. CLARKE Shaunya Wesley<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| | |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>3. ☒ on behalf of *(specify):* Old Dominion Freight Line INC<br>   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>   ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT D

**EXHIBIT D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ronald L. Zambrano, CSBN: 255613<br>Law Offices of Carlin & Buchsbaum, LLP<br>555 East Ocean Blvd., Suite 818<br>Long Beach, California 90802<br><br>TELEPHONE NO.: (562)432-8933   FAX NO.: (562)435-1656<br>ATTORNEY FOR *(Name):* Marco Rodriguez, Plaintiff | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JAN 07 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC498694<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 7, 2013

Ronald L. Zambrano, CSBN: 255613
_____   ▶   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*Legal Solutions Plus*

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

---

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

---

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: | RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC., et al. | CASE NUMBER |
|---|---|---|

|  | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC., et al. | CASE NUMBER |
|---|---|

| | A CIVIL Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | A6151  Writ - Administrative Mandamus | 2., 8. |
| | | A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | A6141  Sister State Judgment | 2., 9. |
| | | A6160  Abstract of Judgment | 2., 6. |
| | | A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | A6030  Declaratory Relief Only | 1., 2., 8. |
| | | A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | A6121  Civil Harassment | 2., 3., 9. |
| | | A6123  Workplace Harassment | 2., 3., 9. |
| | | A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | A6190  Election Contest | 2. |
| | | A6110  Petition for Change of Name | 2., 7. |
| | | A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1225 Washington Blvd. |
|---|---|
| CITY:<br>Montebello | STATE:<br>CA | ZIP CODE:<br>90640 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _January 7, 2013_

(SIGNATURE OF ATTORNEY/FILING PARTY)

Ronald L. Zambrano, CSBN: 255613

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT E

**EXHIBIT E**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

# BC498694

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 1 of 2

EXHIBIT F

**EXHIBIT F**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK          ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                    ☐ Neutral Evaluation

☐ Arbitration (non-binding)     ☐ Settlement Conference

☐ Arbitration (binding)         ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

EXHIBIT G

**EXHIBIT G**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:　　　FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR PLAINTIFF)

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR DEFENDANT)

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR DEFENDANT)

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR DEFENDANT)

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR _____)

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR _____)

Date:

        (TYPE OR PRINT NAME)        ➤        (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

                                 JUDICIAL OFFICER

```
PCL XL error

     Warning:    IllegalMediaSize
```

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067-1501.

4

5       On **February 11, 2013**, I served the following document(s) described as

6  **DEFENDANT OLD DOMINION  FREIGHT LINE, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

7

8       on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

9

10  Gary R. Carlin, Brent S. Buchsbaum, Laurel N. Haag, Ronald J. Zombrano
THE LAW OFFICES OF CARLIN &
BUCHSBAUM, LLP
555 East Ocean Blvd, Suite 818
Long Beach, California 90802

Attorneys for Plaintiff
**MARCO RODRIGUEZ**

11

12

13

14  ☒       **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

15

16

17  ☐       **BY FACSIMILE:**  I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was 310.315.8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

18

19

20  ☐       **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

21

22

23  ☐       **BY HAND DELIVERY:**  I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

24

25

26

27

28

45310419.1

12

1    ☐    **BY PERSONAL SERVICE:**  I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

2

3        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

4        Executed on **February 7, 2013**, at Los Angeles, California.

5

6                                                    Debbie J. Calderon

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 891 DSF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✔] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Marco Rodriguez | Old Dominion Freight Line, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gary R. Carlin, Brent S. Buchsbaum, Laurel N. Haag, Ronald L. Zambrano | McGUIREWOODS LLP, Matthew C. Kane, SBN 171829; Bethany A. Pelliconi, SBN #182920; Sabrina A. Beldner, Esq.(SBN 221918); Sylvia J. Kim, Esq. (SBN 258363) |
| The Law Offices of Carlin & Buchsbaum, LLP | 1800 Century Park East, 8th Floor |
| 555 East Ocean Blvd., Suite 818, Long Beach, CA 90802 | Los Angeles, CA  90067-1501 |
| Tel: (562) 432-8933 / Fax: (562) 435-1656 | Telephone: 310.315.8200 |
| | Facsimile:  310.315.8210 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT; JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY:     Case Number: | CV13-00891 |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Marco Rodriguez

**DEFENDANTS**
Old Dominion Freight Line, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gary R. Carlin, Brent S. Buchsbaum, Laurel N. Haag, Ronald L. Zambrano
The Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818, Long Beach, CA 90802
Tel: (562) 432-8933 / Fax: (562) 435-1656

**Attorneys** (If Known)
McGuireWoods LLP, Matthew C. Kane, SBN 171829; Bethany A. Pelliconi, SBN #182920; Sabrina A. Beldner, Esq.(SBN 221918); Sylvia J. Kim, Esq. (SBN 258363)
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☐ Yes
If yes, list case number(s): *See* Notice of Possible Related Cases

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Virginia, North Carolina |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 7, 2013
                          Bethany A. Pelliconi, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com